UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:13CV-00068-JHM

ELEANOR RIGGS                                                  PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Eleanor Riggs ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 9) and Defendant (DN 12) have filed a Fact and Law Summary. Additionally, the Plaintiff has filed a motion for summary judgment (DN 10) and Defendant has filed a response (DN 12).

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered September 3, 2013 (DN 6), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income benefits on June 30, 2010 (Tr. 54, 155, 185). Plaintiff alleged that she became disabled on June 28, 2007, as a result of her lower back, diabetes, and rapid heart rate (Tr. 185, 211). On November 15, 2011, Administrative

Law Judge Scott M. Staller ("ALJ") conducted a video hearing from Baltimore, Maryland (Tr. 9). Plaintiff appeared in Bowling Green, Kentucky, and was represented by attorney Debra L. Broz (Tr. 9, 54). Also participating and testifying was Pat Green, a vocational expert (Tr. 9, 54).

In a decision dated February 15, 2012, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 54-62). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 30, 2010, the application date (Tr. 56). At the second step, the ALJ determined that Plaintiff's degenerative disc disease of the lumbar spine, status post fracture of the sacrum, asthma, and obesity are "severe" impairments within the meaning of the regulations (Tr. 56). Notably, at the second step, the ALJ also determined that Plaintiff's hypertension, rapid heart rate, and depression are "non-severe" impairments within the meaning of the regulations (Tr. 56). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 57).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of light work because she requires a job that will allow her to sit or stand alternatively, but she would not have to leave the workstation; she may only occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; and only occasionally balance, stoop, kneel, crouch, or crawl; she should avoid concentrated exposure to operational control of moving machinery and unprotected heights; and avoid all concentrated exposure to wetness, humidity, extreme cold, and extreme heat (Tr. 57). Additionally, the ALJ found that Plaintiff is unable to perform any of her past relevant work (Tr. 60).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 60-61). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 60-61). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from June 30, 2010, through the date of the decision, February 15, 2012 (Tr. 61).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3, 4).

CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20

C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."

4

Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serverices, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Services, 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff disagrees with Finding No. 2 which identifies her severe impairments (DN 9, Fact and Law Summary at Page 2; DN 10, Summary Judgment Motion at Pages 4-6). Plaintiff asserts the ALJ should have found she suffers from an additional severe impairment, major depression and anxiety (DN 9, Fact and Law Summary at Page 2; DN 10, Summary Judgment Motion at Pages 4-6). In support of her position, Plaintiff cites a Communicare treatment note prepared by a licensed psychological associate, Peg Ferguson, M.A. and L.P.A. (Tr. 728). The note indicates Plaintiff suffers from anxiety and depression (Tr. 728). Essentially, Plaintiff claims the ALJ overlooked this treatment note and failed to follow the applicable regulations (DN 10, Summary Judgment Motion at Pages 4-6).

Defendant argues that substantial evidence supports the ALJ's finding (DN 12, Fact and Law Summary at Pages 4-6). Defendant asserts the assessment by Craig Cabezas, Ph.D. (Tr. 569), shows Plaintiff does not have a severe impairment of depression (DN 12, Fact and Law Summary at Pages 4-6).

Plaintiff's argument fails to appreciate that only "***acceptable medical sources***" are qualified to diagnose a medical condition and render a "***medical opinion***" about the nature and severity of the impairment, including limitations or restrictions imposed by the impairment. 20 C.F.R. §§ 416.913(a), 416.927(a)(2). Licensed physicians (medical osteopathic doctors), licensed or certified

psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are classified as "***acceptable medical sources.***" 20 C.F.R. § 416.913(a)(1)-(5) (emphasis added). Under the regulations Ms. Ferguson, a licensed psychological associate, is not qualified to diagnose Plaintiff with depression because she is not classified as an "acceptable medical source." This is the reason why the ALJ discounted the note from a patient care assistant indicating Plaintiff is depressed (Tr. 56, 748). Notably, the consultative examiner, Craig S. Cabezas, Ph.D., is qualified to render a diagnostic opinion because he is a licensed psychologist (Tr. 565-570). However, Dr. Cabezas' diagnostic impression at Axis I was "[n]o diagnosis" (Tr. 569-570). This means Plaintiff can not demonstrate she has a "medically determinable" mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" her ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). In sum, Plaintiff failed to demonstrate she has a "severe" mental impairment.

More importantly, according to the regulations, upon determining that a claimant has one severe impairment, the Administrative Law Judge must continue with the remaining steps in the disability evaluation outlined above. 20 C.F.R. §§ 416.920(a)(4)(ii) and (c). Here, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine, status post fracture of the sacrum, asthma, and obesity (Tr. 56). Accordingly, the ALJ continued with the remaining steps in the disability determination. Because the ALJ could consider the limitations imposed by Plaintiff's mental impairments in determining whether she retained sufficient residual functional capacity to allow her to return to her past relevant work and to other jobs in the national economy (Tr. 57-61), the ALJ's failure to find that Plaintiff's mental impairments are

6

"severe" within the meaning of the regulations could not constitute reversible error. Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987).

Next, Plaintiff disagrees with Finding No. 4 because her chronic pain and the limitations expressed by two treating and one examining physician show she is unable to perform even sedentary work (DN 9, Fact and Law Summary at Page 2; DN 10, Summary Judgment Motion at Pages 6-8). Plaintiff accuses the ALJ of substituting his own opinion for the medical opinions from Dr. Djurasovic (Tr. 595-604)[1], Dr. McClure (Tr. 646)[2], and Dr. Hueker (Tr. 560-561)[3] (DN 9, Fact and Law Summary at Page 2; DN 10, Summary Judgment Motion at Pages 6-8). Additionally, Plaintiff argues the opinions of her treating physicans, Drs. Djurasovic and McClure, "should be given greater weight than non-treating physicians" (DN 10, Motion for Summary Judgment at Pages 8-10). Further, Plaintiff asserts the ALJ failed to set forth good reasons for discounting their opinions (DN 10, Motion for Summary Judgment at Pages 8-10). Finally, Plaintiff asserts although the ALJ indicated he was assigning great weight to the opinion of her treating physician, Dr. Harping, the ALJ actually substituted his own opinion that Plaintiff can lift 20 pounds for Dr. Harping's medical opinion that Plaintiff can lift no more than 15 pounds (DN 10, Motion for Summary Judgment at Page 10).

---

[1]Dr. Djurasovic, a treating orthopaedic surgeon, expressed a 10 pound lifting restriction, a 2 hour walking restriction, an alternate between sitting and standing restriction, and a never stoop, kneel, crouch or crawl restriction (Tr. 595-604).

[2]Dr. McClure, a treating family physician, expressed a 10 pound lifting restriction (Tr. 646).

[3]Dr. Hueker, an examining physician, expressed a 20 minute standing restriction, a 100 foot walking restriction, and a gallon of milk bilaterally lifting restriction (Tr. 560-561).

Defendant argues that substantial evidence in the record supports the ALJ's residual functional capacity finding that Plaintiff can perform less than a full range of light work (DN 12, Fact and Law Summary at Pages 6-8). Defendant asserts that substantial evidence also supports the ALJ's evaluation of the opinions of Plaintiff's treating physicians (Drs. Djurasovic, McClure) and the examining physician (Dr. Huecker) (DN 12, Fact and Law Summary at Pages 8-12). Defendant contends the ALJ concluded based on the totality of the evidence that Plaintiff could occasionally lift up to 20 pounds as opposed to improperly substituting his opinion for Dr. Harping's opinion that Plaintiff could do no heavy lifting over 15 pounds (DN 12, Fact and Law Summary at Pages 12-13).

By way of background, Finding No. 4 addresses Plaintiff's residual functional capacity (Tr. 57). The residual functional capacity finding is the ALJ's ultimate determination of what Plaintiff can still do despite her physical limitations (Tr. 57). 20 C.F.R. §§ 416.945(a), 416.946. The ALJ's residual functional capacity finding was appropriately based on a consideration of medical source statements and all other evidence in the case record about what Plaintiff can do despite limitations caused by her physical impairments (Tr. 57-60). 20 C.F.R. §§ 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding the ALJ assigned weight to the medical source statements in the record and considered Plaintiff's subjective allegations and made credibility findings (Tr. 57-60). 20 C.F.R. §§ 416.927(c), 416.929; Social Security Ruling 96-7p.

The Court will first address Plaintiff's argument that the ALJ failed to give appropriate consideration and weight to the opinions of her treating physicians. Treating source opinions must receive "controlling weight" when two conditions are met: (1) the medical opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the

8

medical opinion "is not inconsistent with other substantial evidence in ...[the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Gayheart v. Commissioner, 710 F.3d 365, 376 (6th Cir. 2013). If the Administrative Law Judge does not give the treating physician's medical opinion controlling weight, "then the opinion is weighed based on the length, frequency, nature, and extent of the treating relationship, ... as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. Id. (citing 20 C.F.R. § 404. 1527(c)(2)-(6)). Further, the Administrative Law Judge must provide "good reasons" for the weight given to the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); Social Security Ruling 96-2p; Gayheart, 710 F.3d at 376; Wilson v. Commissioner of Social Security, 378 F.3d 541, 545-546 (6th Cir. 2004). Notably, "[t]hese reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Gayheart, 710 F.3d at 376 (citing Social Security Ruling 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). "This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" Gayheart, 710 F.3d at 376 (quoting Wilson, 378 F.3d 544).

The ALJ provided a thorough summary of the medical evidence in the record before addressing the weight assigned to the medical opinions (Tr. 58-60). The ALJ concluded that objective testing only suggested mild back impairments (Tr. 59). Further, the ALJ observed while Plaintiff cannot return to heavy-duty work the medical records indicate she can return to less strenuous work activity (Tr. 59). The ALJ then discussed the weight he accorded to the medical opinion of Dr. Harping, a treating physician (Tr. 59). Specifically, the decision reads as follows:

9

> As for the opinion evidence, in March of 2008, Dr. John Harping found the claimant should be restricted to light duty and no heavy lifting over 15 lbs. (Exhibit 14F, p. 96). The undersigned assigns great weight to Dr. Harping's opinion as a treating physician familiar with the claimant. However, based on the totality of the evidence the undersigned finds that the claimant can occasionally lift up to 20 lbs.

(Tr. 59). Although the ALJ's explanation is brief, it does set forth "good reasons" why Dr. Harping's opinion failed to meet the second prong of the "controlling weight" test. Specifically, the ALJ found Dr. Harping's weight lifting restriction was inconsistent with substantial evidence in the record that suggested mild back impairments (Tr. 58-60). The ALJ also expressed "good reasons" for discounting Dr. Harping's 15 pound lifting restriction. Specifically, the ALJ found the restriction inconsistent with the totality of the evidence in the record. In sum, the ALJ's findings are supported by substantial evidence in the record and comport with applicable law. Notably, if the ALJ had included the 15 pound weight restriction in his residual functional capacity finding, the result at the fifth step would not have changed because the vocational expert identified jobs at the sedentary level that exist in significant numbers in the national economy (Tr. 23-24).

Plaintiff's treating orthopaedic surgeon, Dr. Djurasovic, rendered two opinions. The ALJ's discussion regarding the weight accorded to Dr. Djurasovic's opinions reads as follows:

> In November of 2010, Dr. Mladen Djurasovic concluded that due to the claimant's severe lower back pain she could only lift less than 10 lbs. frequently; stand or walk at least 2 hours in an 8-hour workday; and she must periodically alternate between sitting and standing. In February of 2011, Dr. Djurasovic concluded that the claimant was not able to work, and she required a cane for ambulation (Exhibit 29F). The undersigned assigns little weight to the [sic] Dr. Djurasovic's opinion because his opinion is not supported by the objective evidence in the record. The objective evidence shows mild back problems, negative straight leg raising tests and 5/5 motor strength in both of the claimant's legs. Dr. Djurasovic has also noted on numerous occasions that the claimant did not appear to be in any distress.

10

(Tr. 60). Although the ALJ's explanation is brief, it does set forth "good reasons" why Dr. Djurasovic's restrictions failed to meet both prongs of the "controlling weight" test. Specifically, the ALJ found Dr. Djurasovic's opinion was not well-supported by the objective evidence (MRIs, CT scans, x-rays, and observations on examination) discussed in the preceding paragraphs and the opinion was inconsistent with what is set forth in the doctor's own treatment notes. Additionally, the ALJ expressed "good reasons" for assigning "little weight" to Dr. Djurasovic's opinion. Specifically, the ALJ concluded the limitations were not supported by the objective evidence in the record and the doctor's own treatment notes. Moreover, the undersigned observes that Dr. Djurasovic's opinion is not consistent with Dr. Harping's opinion. In sum, the ALJ's findings are supported by substantial evidence in the record and comport with applicable law.

Another treating physician, Dr. McClure, rendered an opinion. The ALJ's discussion regarding the weight accorded to Dr. McClure's medical opinion reads as follows:

> In January of 2011, Dr. Robert McClure found that the claimant was limited to only occasionally lifting 10 lbs. The claimant required a hand-held assistive device, and she must avoid extreme cold, heat, or wetness (Exhibit 28F). The undersigned assigns some weight to Dr. McClure's opinion on the claimant's limitations regarding her asthma. However, the undersigned assigns little weight to his opinion on the claimant's other limitations because it is inconsistent with the objective evidence of record for the same reasons cited in the preceding paragraph.

(Tr. 60). The ALJ did not assign controlling weight because Dr. McClure's opinion was not well-supported by the objective evidence (MRIs, CT scans, x-rays, and observations on examination) discussed in the preceding paragraphs. Additionally, the ALJ expressed "good reasons" for assigning "little weight" to all of the opinions expressed by Dr. McClure, with the exception of the asthma limitations which received some weight. Specifically, the ALJ concluded the limitations

11

were not supported by the objective evidence in the record. Further, the undersigned observes the discounted parts of Dr. McClure's opinion are inconsistent with Dr. Harping's opinion. In sum, the ALJ's findings are supported by substantial evidence in the record and comport with applicable law.

Finally, the ALJ discussed the consultative physical examination performed by Dr. Huecker in August of 2010 (Tr. 58). Further, the ALJ accurately summarized Dr. Huecker's observations on examination (Tr. 58, 560). However, the ALJ failed to mention Dr. Huecker's medical source statement (Tr. 58). The medical source statement reads as follows:

> No limitations with sitting, traveling, handling, speaking, listening, reasoning or social interaction. She can stand 20 minutes at a time. Walk 100 feet at a time before her back pain stops her. With lifting and carrying objects, her weight restriction is one gallon of milk bilaterally. She has attempted more than this and finds that it causes severe back pain.

(Tr. 560-561). Certainly, the ALJ should have considered this medical opinion. 20 C.F.R. § 416.927(c). Undoubtedly, the ALJ would have discounted the restrictions in the medical statement because they appear to be based on Plaintiff's comments to Dr. Huecker, instead of objective testing. Further, the ALJ would have concluded they are inconsistent with the totality of the evidence, including Dr. Harping's opinion. Notably, Dr. Huecker's lifting restriction indicates Plaintiff can lift about nine pounds with each arm.[4] This may mean Dr. Huecker believed Plaintiff could lift about 18 pounds with both arms. If this is what Dr. Huecker intended then his lifting restriction and the 15 pound lifting restriction expressed by Dr. Harping would be similar. There is no way telling whether the ALJ considered this possibility when he found Plaintiff can occasionally lift up to 20 pounds (Tr. 59). Regardless, if the ALJ had included a 15 pound weight restriction in his residual

---

[4]A gallon of milk weighs about nine pounds. Dairy Facts, http://www.ansc.purdue.edu/faen/dairy%20facts.html.

12

functional capacity finding, the result at the fifth step would not have changed because the vocational expert identified jobs at the sedentary level that exist in significant numbers in the national economy (Tr. 23-24). In sum, the ALJ's omission was harmless.

Certainly, Administrative Law Judges should not substitute their own judgment for a physician's un-controverted medical opinion. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); see also Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000); and Lennon v. Apfel, 191 F.Supp.2d 968, 977 (W.D. Tenn. 2001). Here, the ALJ relied on other medical evidence or authority in the record in reaching his residual functional capacity findings (Tr. 58-60). Thus, there is no merit to Plaintiff's accusation that the ALJ substituted his own judgment for the opinions of the treating and examining physicians.

Next, Plaintiff disagrees with the ALJ's credibility assessment regarding her subjective complaints of disabling chronic pain. Notably, Plaintiff's subjective statements that she is experiencing pain and other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether Plaintiff suffers from debilitating pain and other symptoms, the two-part test set forth in Duncan v. Secretary of Health and Human Serv's., 801 F.2d 847, 853 (6th Cir. 1986), applies.

First, an Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity

that it can reasonably be expected to produce the alleged disabling pain." Duncan, 801 F.2d at 853. When the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ concluded the objective medical evidence did not confirm the severity of the alleged pain and other symptoms arising from Plaintiff's back condition (Tr. 58-59). Therefore, the ALJ considered the level of Plaintiff's daily activities in assessing the extent to which pain and other symptoms are of disabling severity (Tr. 58-59). 20 C.F.R. § 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Secretary of Health and Human Serv's., 927 F.2d 228, 231 (6th Cir. 1990). Further, the ALJ considered whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between her statements and the rest of the evidence (Tr. 58-59). 20 C.F.R. § 416.929(c)(4). Additionally, the ALJ looked the medication used to alleviate the alleged pain and other symptoms (Tr. 58-59). 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

The ALJ found from the medical record and Plaintiff's testimony that Plaintiff does not suffer pain to the extent she testified. In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Because tolerance of pain is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of the Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Secretary of Health and Human Serv's., 736 F.2d 365, 367 (6th

Cir. 1984) (citing Beavers v. Secretary of Health, Educ. and Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law. Additionally, the undersigned concludes that the ALJ's residual functional capacity finding is supported by substantial evidence in the record and comports with applicable law.

Next, Plaintiff disagrees with Finding No. 8 (DN 9, Fact and Law Summary at Page 2). Finding No. 8 reads as follows:

> Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(DN 60) (emphasis omitted). Notably, Plaintiff does not explain in her memorandum why she disagrees with this finding (DN 10, Motion for Summary Judgment). It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); see also Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Commissioner of Social Security, 2006 WL 463859, *2 (6th Cir. 2006). Plaintiff's dispute with Finding No. 8 is deemed waived because she has not set forth some argument in support of her position.

Plaintiff disagrees with Finding Nos. 9 and 10 (DN 9, Fact and Law Summary at Page 2). Finding No. 9 indicates, after considering Plaintiff's age, education, work experience, residual functional capacity, and the vocational expert's testimony, the ALJ finds there are jobs that exist in

significant numbers in the national economy that Plaintiff can perform (Tr. 60). Finding No. 10 sets forth the ALJ's conclusion that Plaintiff has not been under a disability, as defined in the Social Security Act, since June 30, 2010, the date the application was filed (Tr. 61). Again, Plaintiff does not explain in her memorandum why she disagrees with these findings. To the extent Plaintiff challenges these findings based on her earlier arguments, the undersigned has found no merit to her earlier arguments and, therefore, her challenges here must also fail. To the extent Plaintiff has failed to provide argument in support of her challenges to Finding Nos. 9 and 10, the undersigned concludes she has waived the challenges due to a failure to set forth some supporting argument.

ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**. This is a final and appealable Order and there is no just cause for

Copies:　　　Counsel